IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC., <br><br> Plaintiff(s), <br> v. <br><br> EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY, <br><br> Defendant(s). | CASE NO. 5:12-cv-02729 EJD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> [Docket Item No(s). 137] |

Presently before the court is Plaintiff Marble Bridge Funding Group Inc.'s ("Plaintiff") Motion for Leave to File an Amended Complaint. See Docket Item No. 137. Defendant Euler Hermes American Credit Indemnity Company ("Defendant") has filed written opposition to the motion. See Docket Item No. 160. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the associated hearing date.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully considered the pleadings filed by the parties, the court finds and orders as follows:

1. Since this motion was filed after the court-imposed deadline for amendment to the pleadings (see Docket Item No. 85), Plaintiff must initially demonstrate sufficient "good cause" to modify the scheduling order. Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992). "Rule 16(b)'s 'good cause' standard primarily

1

CASE NO. 5:12-cv-02729 EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

considers the diligence of the party seeking the amendment." Id. at 609. Plaintiff was diligent under the circumstances because, despite the expressed intentions of Plaintiff's president, Plaintiff's former attorneys did not pursue potential claims against Liquid Capital Exchange, Inc., Liquid Captial of Colorado, Sol Roter and Bruce Dawson (hereafter the "Liquid Capital Defendants") due to a conflict of interest. This motion to add new claims and new parties was filed within a reasonable period of time after Plaintiff engaged new counsel. Accordingly, the court finds that Plaintiff has satisfied the burden to demonstrate good cause under Rule 16.

2. Plaintiff must also show that its proposed amendments are appropriate under Federal Rule of Civil Procedure 15. Although the Rule 15 standard is a liberal one, a request for leave to amend may be denied where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Here, the court is not persuaded that any of the proposed amendments would be futile or that Plaintiff is seeking to amend in bad faith. In addition, the request (a) to add claims against Defendant for aiding and abetting a fraud and fraud and deceit by misrepresentation and concealment, (b) to change the negligence claim to one for negligent misrepresentation, and (c) to more specifically plead the existing claims against Defendant, neither creates undue delay nor results in undue prejudice to Defendant. Accordingly, the motion is granted as to those claims.

3. However, the court does find that adding claims against the Liquid Capital Defendants would unduly delay this and the related action, and would ultimately result in undue prejudice to Defendant. Adding new parties to what has already become a sufficiently-complex and convoluted insurance coverage action would

2
CASE NO. 5:12-cv-02729 EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

transform this case into something entirely different. In addition, the Liquid Capital Defendants would inevitably file various motions, including those challenging the pleadings and challenging jurisdiction - particularly since one of the Liquid Capital Defendants is an international resident - which would delay this case further. And although discovery has not yet closed, it is about to, but that deadline would need to be expanded far into the future to allow the existing parties and the Liquid Capital Defendants to conduct further investigation. But as the court docket demonstrates, getting this case to proceed in some reasonable fashion has taken near heroic efforts by counsel, this court, and the assigned magistrate judge. Sidetracking the case at this point, or perhaps putting it back at the starting line, would render all of these past efforts meaningless. Such a result is prejudicial to all involved and is entirely unnecessary because Plaintiff can pursue its claims against the Liquid Capital Defendants in a separate action. Accordingly, the motion is denied as to the request to add the Liquid Capital Defendants and assert claims against them in this action.

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint (Docket Item No. 137) is GRANTED IN PART and DENIED IN PART. Plaintiff shall file an amended complaint consistent with the discussion above within 10 days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: September 3, 2014

EDWARD J. DAVILA
United States District Judge