UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC., <br><br>Plaintiff, <br><br>v. <br><br>EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY, <br><br>Defendant. | Case No. 5:12-cv-02729-EJD <br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br>Re: Dkt. No. 222 |

**I.   INTRODUCTION**

As detailed in a companion order filed this same date, Plaintiff Marble Bridge Funding Group ("MBFG") is a commercial "factor" who purchased the accounts receivable another company, Nature's Own Pharmacy, LLC or Nature's Own, Inc. ("Nature's Own"), which was eventually revealed as a fraud. Nature's Own was insured by Defendant Euler Hermes American Credit Indemnity Company ("Euler"), who declined to pay on the claims made by MBFG against the Nature's Own policy.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Euler's Motion for Summary Judgment on MBFG's claims has been granted in part and denied in part.[1] This motion relates to two of Euler's counterclaims, on which MBFG seeks summary judgment. Dkt. No. 222. Euler opposes the motion. Ultimately, the evidence shows that MBFG is entitled to judgment as a

---

[1] The court does not repeat the detailed factual background included in the order on Euler's summary judgment motion, but incorporates them here and references them as necessary.

1

Case No.: 5:12-cv-02729-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

matter of law on one of the counterclaims. Thus, the outcome of this summary judgment motion is the same as the one brought by Euler, and will be granted in part and denied in part for the reasons which follow.

## II. LEGAL STANDARD

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. Id. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. Id. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come

forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id.

### III. DISCUSSION

#### A. Counterclaim IV - Rescission

In Counterclaim IV, Euler seeks to rescind the Nature's Own Policy under California Insurance Code §§ 331, 338 and 359.

"[T]he Insurance Code provides a 'statutory framework that imposes heavy burdens of disclosure upon both parties to a contract of insurance, and any material misrepresentation or the failure, whether intentional or unintentional, to provide requested information permits rescission of the policy by the injured party.'" Nieto v. Blue Shield of Cal. Life & Health Ins. Co., 181 Cal. App. 4th 60, 76 (2010) (quoting Mitchell v. United Nat'l Ins. Co., 127 Cal. App. 4th 457, 468 (2005)). To that end, California Insurance Code § 331 provides that "[c]oncealment, whether intentional or unintentional, entitles the injured party to rescind insurance." Additionally, Insurance Code § 332 provides that "[e]ach party to a contract of insurance shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract and as to which he makes no warranty, and which the other has not the means of ascertaining," and § 338 states that "[a]n intentional and fraudulent omission, on the part of one insured, to communicate information of matters proving or tending to prove the falsity of a warranty, entitles the insurer to rescind." Insurance Code § 359 provides that "[i]f a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false."

As relevant here, "the intentional concealment or misrepresentation of a material fact in an

3

Case No.: 5:12-cv-02729-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

insurance claim can provide a basis for rescinding a policy under the California Insurance Code." Am. Gen. Life & Accident Ins. Co. v. Findley, No. CV 12-01753 MMM (PSWx), 2013 U.S. Dist. LEXIS 41644, at *31, 2013 WL 1120662 (C.D. Cal. Mar. 15, 2013), accord Mitchell, 127 Cal. App. 4th at 473 ("Both Insurance Code sections 331 and 359 . . . apply to misrepresentations made at any time . . . [and] allow[ ] the insurer to rescind the policy in the event of a negligent or unintentional misrepresentation").

MBFG argues there is no triable issue on Euler's rescission counterclaim because, according to the evidence, it did not make any material misrepresentations or omissions in the claims it submitted on the Nature's Own policy, it did not act with fraudulent intent, and Euler already possessed extensive knowledge about the Nature's Own scheme such that Euler could not have relied on MBFG's claims. The evidentiary record, however, shows otherwise.

As to misrepresentation or omission, the record shows that MBFG's claims submitted to Euler on March 7, 2012, all indicate that the buyer's invoices were "past due." But the record also shows that MBFG President Paul Candau knew prior to that date through a private investigation commissioned by MBFG that some of the Nature's Own buyers were physically incapable of receiving "Shipments of Covered Products," which shipments were required to trigger coverage under the Nature's Own policy. Candau Dep., at 199:18-200:24. Candau had also reported this information to the FBI. Since there is nothing to suggest that Candau ever communicated this knowledge to Euler either before or with the claims, and indeed affirmative evidence to show that Candau failed to make any disclosure to Euler of the information he had learned from MBFG's investigation, a reasonable jury could find that MBFG concealed or omitted the information about the lack of shipments. Id. at 205:2-207:10.

On the issue of intent, the parties disagree on whether it must be proven for a rescission claim under the Insurance Code. On the one hand, Euler relies on Insurance Code § 331's reference to "intentional or unintentional" concealment and on cases echoing that statute's language to argue that it need not show that MBFG acted with fraudulent intent when it submitted

4

Case No.: 5:12-cv-02729-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

the claims on the Nature's Own policy.  On the other, MBFG cites Cummings v. Fire Insurance Exchange, 202 Cal. App. 3d 1407, 1414 n. 7 (1988), and LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal. App. 4th 1259, 1270 (2007), in support of its contention that, unlike rescission based on misrepresentations in an application for insurance, Euler's rescission claim based on the submission of false insurance claims requires that it prove fraudulent intent.

      The court need not resolve this apparent legal dispute, however.  Assuming without deciding that MBFG is correct and that Euler must prove it submitted its claims on the Nature's Own policy with an intent to defraud, there is sufficient evidence in the record for a reasonable jury to find in Euler's favor on that issue.  The finder of fact examining this case may infer from the same evidence establishing Candau's pre-submission knowledge that MBFG also submitted the claims with fraudulent intent.  See People v. Scofield, 17 Cal. App. 3d 1018, 1026 (1971) ("One who wilfully submits a claim, knowing it to be false, necessarily does so with intent to defraud."); see also Locke v. Warner Bros., 57 Cal. App. 4th 354, 368 (1997) ("Fraudulent intent must often be established by circumstantial evidence . . . .").  Though MBFG contends that Candau directed the claims be filed for other reasons, those statements merely demonstrate why there exists disputed issues that cannot be decided on summary judgment.

      Similarly, whether the information MBFG purportedly withheld would have been material to Euler based on what it already knew about Nature's Own and its buyers is a triable issue.  "The materiality of a misrepresentation is determined by its probable and reasonable effect upon the insurer."  Mitchell, 127 Cal. App. 4th at 474 (citing  Cal. Ins. Code § 334).  It cannot be reasonably disputed that, at the very least, the content of the information Candau knew about the Nature's Own buyers would have been material to Euler because it dictates whether or not MBFG's claims on the policy were covered.  Though MBFG suggests its materiality would have been irrelevant to Euler because it already knew of the Nature's Own scheme, it has not produced any evidence to show that Euler had the same information as Candau at the time the claims were submitted.  That Euler may have instructed its employees not to discuss the credit limit

5
Case No.: 5:12-cv-02729-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

cancellations does not provide a reason to modify that conclusion.

Because there are triable issues of fact in relation to Euler's claim to rescind the Nature's Own policy, MBFG is not entitled to summary judgment on Counterclaim IV.

### B. Counterclaim V - Fraud and Deceit

In Counterclaim V for fraud and deceit, Euler alleges that MBFG knew and intentionally suppressed the information Candau knew about the Nature's Own scheme.

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996).

MBFG challenges Euler's evidence within each element of fraud, yet this claim comes down to only one. There is no triable issue of fact on the element of justifiable reliance.

For a fraud claim, "[r]eliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995). Stated differently, "[t]he plaintiff must allege and prove that he *actually relied* upon the misrepresentations, and that in the absence of fraud, would not have entered into the contract or other transaction." The MEGA Life & Health Ins. Co. v. Super. Ct., 172 Cal. App. 4th 1522, 1530 (2009).

In its amended answer, Euler alleges several facts it believes could support a finding of justifiable reliance. Am. Answer, Dkt. No. 208, at ¶¶ 111-115. However, it has not produced adequate evidence to support its theory, or to show that it "actually relied" on MBFG's claim in connection with these allegations. To that end, there is nothing in the record upon which a reasonable jury could find that Euler relied on MBFG's claims to keep the Nature's Own policy in force through June, 2012, or if it did, that such reliance was justifiable. In addition, the evidence

6

Case No.: 5:12-cv-02729-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

does not show that MBFG's claims had any effect on Euler's investigation of Nature's Own or its ability to "timely resolve pending claims" such that it became "ensnared in litigation." In fact, the evidence in the record supports the opposite inference; that Euler did not rely on MBFG's claims as implying any notion of legitimacy to Nature's Own or it buyers such that Euler refrained from taking any action it would have otherwise taken. This is so because by the time the claims were submitted on March 7, 2012, Euler had already become suspicious of the Nature's Own buyers, as evidenced by the alerts received by Euler General Counsel Deborah Stuehrmann, her subsequent conversation with the Florida Attorney General, and Euler's letter to Nature's Own dated March 6, 2012, offering to rescind the policy.

Because Euler has failed to support a required element of fraud with evidence upon which a reasonable jury could find in its favor, MBFG is entitled to summary judgment on Counterclaim V.

## IV. ORDER

Based on the foregoing, MBFG's Motion for Summary Judgment (Dkt. No. 222) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Counterclaim V for fraud and deceit, but DENIED as to Counterclaim IV for rescission.

MBFG's evidentiary objection (Dkt. No. 232) is OVERRULED.

The pending motions in limine (Dkt. Nos. 273-279, 286, 288, 289, 291) are TERMINATED and should be re-filed according to the rescheduled trial dates and deadlines.

**IT IS SO ORDERED.**

Dated: December 2, 2016

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-02729-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
7