UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY,<br><br>            Defendant. | Case No.  5:12-cv-02729-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 315 |

Plaintiff Marble Bridge Funding Group ("MBFG") alleges in this action that it was induced by Defendant Euler Hermes American Credit Indemnity Company ("Euler") to purchase accounts receivable invoices from another business, Nature's Own, Inc. or Nature's Own Pharmacy LLC ("Nature's Own").  Nature's Own turned out to be a fraud, and Euler, who had insured Nature's Own accounts receivable, did not pay MBFG's claims on the policy once the scheme was discovered.  On December 2, 2016, the court granted in part and denied in part Euler's Motion for Summary Judgment.  Dkt. No. 313.  As relevant here, the court denied Euler's motion with respect to MBFG's claim for negligent misrepresentation.

Euler now moves for leave to file a motion for reconsideration of the December 2nd Order under Civil Local Rule 7-9.  Dkt. No. 315.  On that topic, the court finds, concludes and orders as follows:

1.   In this district, motions for reconsideration may not be filed without leave of court. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").  When seeking such leave, the moving party must demonstrate at

1

Case No.: 5:12-cv-02729-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

least one of the following grounds:

> (1) That at the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In addition, the moving party may not repeat any oral or written argument previously made. Civ. L.R. 7-9(c).

2. Here, Euler contends the court did not consider "dispositive legal argument that negligent misrepresentation requires evidence of a 'false positive assertion' not merely an 'implied assertion' . . . ." This argument fails in the context of a motion under Rule 7-9.

3. To begin, the order plainly indicates the court considered the exact proposition upon which Euler bases the instant motion. The court explicitly recognized that "negligent misrepresentation 'requires a *positive assertion*.'" Dkt. No. 313, at 11:17 (quoting Goonewardene v. ADP, LLC, 5 Cal. App. 5th 154, 175 (2016)). It also recognized that the tort of negligent misrepresentation "'encompasses the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true, and the *positive assertion*, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true.'" Id. at 11:19-22 (quoting Goonewardene, 5 Cal. App. 5th at 175). As this passage from the December 2nd Order reveals, the court *twice* indicated its awareness that negligent misrepresentation requires a positive assertion.

4. Furthermore, the court considered and rejected Euler's argument that a reasonable jury could not find in MBFG's favor on the issue of "positive assertion." Relying on Public

2
Case No.: 5:12-cv-02729-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1  Employees' Retirement System v. Moody's Investors Service, Inc., 226 Cal. App. 4th 643 (2014),
2  the court determined there exists a material factual dispute as to whether Euler, from its position as
3  an insurer of accounts receivable, misrepresented the legitimacy or credit-worthiness of the
4  Nature's Own buyers when it extended credit limits under the terms of the Nature's Own policy,
5  potentially knowing that these same buyers had previously defaulted under other Euler policies.
6  Euler does not respond to or even cite Public Employees' Retirement System in its motion for
7  leave.

8      5.    Moreover, the court did not read anything into the Nature's Own policy language
9  as Euler suggests, nor has it attempted to rewrite the policy to insure fraud or otherwise.  To the
10 contrary, the court cited particular terms of the Nature's Own policy to emphasize the point that
11 when read in conjunction with the extensions of credit limits to problematic buyers, a jury could
12 find that a factor like MBFG could reasonably rely on the credit extensions as a positive assertion,
13 and that Euler was negligent in making such assertions in relation to the Nature's Own buyers.

14 In sum, Euler has not met its burden to show a "manifest failure" under Civil Local Rule 7-
15 9(b)(3).  Indeed, this motion simply embodies Euler's disagreement with the court's determination
16 of its motion, or an attempt to reargue a point on which it was unsuccessful.  Either way, Euler has
17 not presented a need for reconsideration.  Accordingly, its motion is DENIED.

19 **IT IS SO ORDERED.**

20 Dated:  December 9, 2016



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:12-cv-02729-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

United States District Court
Northern District of California